Argued and submitted March 1, reversed and remanded April 26, 1995

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL SHOWALTER,
*Respondent.*

## (CR93-232; CA A84086)

894 P2d 504

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Brian D. Aaron argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was indicted on three counts of possession of a controlled substance. ORS 475.992. The state appeals a pretrial order suppressing evidence. We reverse and remand.

The facts are not in dispute. Officer Brown obtained a warrant to search the "[p]remises located at 1721 E. 9th Street, The Dalles, Wasco County, Oregon" for methamphetamine, drug records and other evidence related to defendant's purported drug trafficking activity. In the affidavit on which the warrant was based, Brown said that a named informant told him that defendant kept contraband in several places, including a disabled pickup truck in defendant's back yard and in an aerosol tire inflator container with a concealed compartment.

At the suppression hearing, Officer Webb said that, when he executed the warrant, he searched a pickup truck that was in the location described by Brown. Webb said that the truck had no engine, license plates or vehicle identification number, and that it looked like it was being used for parts and as a "garbage dump." The truck also had wood stacked against it and automotive parts in its bed. Webb said that the truck looked like it had not been moved for some time. The windows in the truck were open and the doors were unlocked. When Webb searched the truck, he found an aerosol tire inflator behind the seat. He opened it and found contraband, which he seized as evidence.

Later defendant moved to suppress all evidence that resulted from that search. The trial court granted the motion. It concluded that the term "premises" did not include the truck and that, therefore, the search went beyond the scope authorized by the warrant. The state assigns error to the order granting defendant's motion to suppress. It argues that the disabled truck was part of the premises and that, consequently, the warrant authorized the officers to search it.

■ Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution both require that a search warrant particularly describe the place to be searched. The purpose of that requirement is to narrow the scope of the search to those premises for which a

magistrate has found probable cause to search. *State v. Cortman*, 251 Or 566, 569, 466 P2d 681 (1968), *cert den* 394 US 951 (1969). Defendant argues that the search of the truck was unlawful, because the warrant did not particularly describe the truck as a place or thing to be searched. In support of that argument, defendant refers us to cases involving searches of immobile automobiles. Those cases are not controlling, because none of them involve *inoperable* vehicles on premises subject to a search warrant. Accordingly, the only issue is whether the disabled truck was part of the premises that the warrant authorized the officers to search.

■     It is well settled that a warrant that authorizes a search of the "premises" at a particularly described location is not limited to the dwelling house, but may extend to other structures on the land. *See* Wayne R. LaFave, 4 *Search and Seizure* § 4.10(a), 312-13 (2d ed 1987), and cases cited. Similarly, a search of a particular residence may include the curtilage, which is the area adjoining the residence and includes outbuildings used in connection with the dwelling house. *See State v. Lee*, 120 Or 643, 253 P 533 (1927); *State v. Russo*, 68 Or App 760, 763, 683 P2d 163 (1984).

■     Here, the evidence is that the disabled truck was located in the yard between the residence and the garage, about 30 feet from the house. The truck had no engine and had not been moved for some time. In essence, it was being used as a storage facility, not as a vehicle. Finally, the search warrant authorized the search of the premises as well as the dwelling house. Under those circumstances, we conclude that the officers acted within the scope of the search warrant when they searched defendant's disabled pickup truck, because it was part of the premises described in the search warrant.

    Reversed and remanded.