Argued and submitted May 30, 1995, reversed and remanded January 22, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# BARRY ALAN GLOSTER,
*Appellant.*

## (10-94-12199A; CA A89382)

932 P2d 68

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Judith Brant, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Haselton, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant appeals his conviction for unlawful possession of a controlled substance. He assigns error to the trial court's denial of his pretrial motion to suppress evidence gathered from a search of a shed in which he lived, arguing that the search exceeded the scope of a warrant that authorized a search of the residence located next to the shed and that, in any event, the affidavit in support of the warrant did not state probable cause to believe that evidence of a crime would be found in the shed. We conclude that the trial court erred in failing to grant defendant's motion to suppress, because the affidavit in support of the warrant did not establish probable cause. We do not, therefore, address whether the search of the shed exceeded the scope of the warrant.

Defendant and his three children lived in a single-room shed located in the backyard of a house belonging to the Beaty family, located at 2545 West 18th Avenue, Eugene. On November 2, 1994, police officers obtained a warrant authorizing the search of the residence located at "2545 West 18th Avenue, Eugene, Lane County, Oregon," including its "curtilage, outbuildings" and the persons of the Beaty family. The description of the property included "a tan in color shed in the backyard of the residence." The warrant was supported by an affidavit of Officer Solesbee, who described his investigation of Dan Beaty and the bases for his conclusion that evidence of the crimes of unlawful possession and delivery of methamphetamine would be found at the Beaty residence. Solesbee mentioned the shed and further observed that, based on his training and experience, those who possess methamphetamine "often possess additional methamphetamine in their homes, outbuildings and vehicles." He acknowledged the fact that the shed located in the backyard of the Beaty residence apparently was being rented to defendant. Solesbee explained that a probation officer previously had spoken with Beaty about the shed and had asked Beaty for permission to look inside. As Solesbee recounted the event, "Beaty refused the request and gave the excuse that the shed is rented" to defendant. Solesbee further explained that he received information from neighbors that a black van located at the Beaty residence belonged to defendant "who apparently lives in the

shed in the backyard of 2545 West 18th Street." Solesbee gave no further explanation as to why he believed that evidence of a crime would be found in the shed where defendant apparently lived.

In executing the warrant, police searched the shed in which defendant and his children were living. The officers found evidence of methamphetamine, and defendant was charged with unlawful possession of a controlled substance. Defendant moved to suppress the evidence of the methamphetamine. The trial court denied the motion, and defendant was convicted after a trial on stipulated facts.

Defendant argues that the evidence should have been suppressed, because the affidavit failed to provide probable cause to believe that evidence of a crime would be found in the shed where he and his children lived. The state responds that the affidavit contains the statement of Solesbee that persons who deliver methamphetamine often keep the drug "in their homes, outbuildings and vehicles." That, says the state, establishes probable cause.

■ On review of a trial court's examination of the existence of probable cause, we determine, as a matter of law, whether a "neutral and detached magistrate" reasonably could find that, more likely than not, evidence of a crime will be found at the premises specified in the warrant. *State v. Villagran*, 294 Or 404, 408, 657 P2d 1223 (1983).

■ An affidavit in support of a warrant must include facts that "establish a nexus between the objects sought and the place to be searched." *State v. Tidyman*, 54 Or App 640, 643-44, 635 P2d 1355 (1981), *rev den* 292 Or 722 (1982). An officer's training and experience are to be accorded some weight, but there still must be other facts establishing the required nexus. *State v. Beagles*, 143 Or App 129, 136, 923 P2d 1244 (1996). Commonly, the proximity of a building to the home of one suspected of possession of controlled substances establishes the requisite nexus. *See, e.g., State v. Showalter*, 134 Or App 34, 37, 894 P2d 504 (1995) ("a search of a particular residence may include the curtilage"). When, however, the building that is located in close proximity to the residence to be searched is known to be lawfully occupied by

persons other than those suspected of criminal activity, proximity alone fails to establish any likelihood that evidence of a crime might be found in that building. That methamphetamine users often may store drugs in *their* sheds, in other words, does not provide any basis for predicting what evidence may be found in sheds that they have rented out for the exclusive use of *others*.

In this case, it is undisputed that the shed was rented to defendant. The affidavit clearly establishes that Solesbee had been told that it had been rented to defendant and that defendant apparently lived there. There is nothing in the affidavit that suggests that any member of the Beaty family had the right to use the shed for his or her own purposes. And there is nothing in the affidavit suggesting that defendant or any member of his family was involved in any criminal activity. There is, in short, no basis for a conclusion that evidence of any crime more likely than not would be found in the shed in which defendant and his children lived. The trial court therefore erred in denying defendant's motion to suppress evidence found in the shed.

Reversed and remanded.