Argued and submitted August 28, 2000, affirmed April 4, 2001

# STATE OF OREGON,
*Appellant,*

*v.*

# WILBERT THIBODEAUX,
*Respondent.*

## (98102462F; CA A106036)

22 P3d 248

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Dan Maloney, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## LANDAU, P. J.

The state appeals a pretrial order suppressing evidence that police discovered while searching defendant's trailer pursuant to a search warrant. The trial court concluded that the search exceeded the scope of the warrant. The state argues that the search of the trailer fell within the scope of the warrant. Defendant argues that it did not and that, in any event, the affidavit in support of the warrant did not establish probable cause to believe that evidence of a crime would be found in the trailer. We do not address whether the trailer was within the scope of the warrant, because, even if it was, the search was not supported by probable cause. We therefore affirm.

The relevant facts are not in dispute. The police received information from a confidential informant that Richard Duncan and Dennis Lill were selling drugs from a double-wide mobile home and a "fifth wheel trailer" in Lebanon. Duncan lived in the mobile home, and Lill lived in the trailer. The police secured a warrant to search:

> "The premises located at 29850 Santiam Terrace Rd. Lebanon, Linn County, Oregon and 29844 Santiam Terrace Rd. Lebanon, Linn County, Oregon. * * * The premises [are] surrounded by a single continuous fence, and consist[ ] of a 28[ ' ] x 48[ ' ] double wide mobile home, fifth wheel travel trailer and four outbuildings/workshops * * *."

The warrant further authorized police to search Duncan, Lill and "[a]ll vehicles on the premises." The affidavit in support of the warrant described the information obtained by the confidential informant. In addition, it specified that, in the affiant's experience, dealers in controlled substances keep the substances in their homes, their vehicles, and on their persons.

When police arrived at the premises, they saw, in addition to the mobile home and fifth wheel trailer, a number of cars and trucks in various states of disrepair. They also saw a 30-foot-long, silver Airstream trailer that belonged to defendant. The trailer was not attached to any other vehicle, nor was it permanently affixed to the property. The police opened the door of the trailer and found people sleeping

inside. It appeared to be a residence; it contained a bed and a television, among other things. The officers searched the trailer and found evidence of controlled substances. Based on that evidence, defendant was charged with possession of a controlled substance.

Defendant moved to suppress the evidence, arguing that the search of his trailer exceeded the scope of the warrant and, in any event, was not supported by probable cause. The state opposed the motion, arguing that the warrant authorized the search of any "vehicles" on the premises and that the trailer was a "vehicle." Defendant replied that the trailer was not a vehicle, but, even if it was, there was not probable cause to search it. The trial court granted the motion. The court reasoned that, although the trailer was a "vehicle"—at least within the meaning of the motor vehicle statutes—it did not believe that the warrant was intended to apply to defendant's Airstream trailer. The court explained that the warrant explicitly described Lill's trailer, so, if the warrant was intended to include other trailers, it would have said so, particularly in the light of the fact that defendant's trailer also was used as a residence.

On appeal, the state argues that the trial court erred in concluding that the warrant did not apply to defendant's trailer. It argues that the trailer clearly was a "vehicle" within the meaning of the motor vehicle statutes, *see* ORS 801.590 (defining "vehicle" as "any device in, upon, or by which a person or property is, or may be, transported or drawn upon a public highway"), and that that suffices to establish that it was within the scope of the warrant. Defendant argues that, even if the trailer was a "vehicle" in the abstract, in this case it could not have been considered a vehicle, because it was being used as a residence.

■    We need not decide whether defendant's trailer was a vehicle within the meaning of the warrant. Even assuming it was within the scope of the warrant, the search of the trailer was authorized only to the extent that the affidavit in support of the warrant established that there was probable cause to believe that it contained evidence of a crime. In this case, there was no such probable cause.

■■ An affidavit in support of a search warrant must include facts that "establish a nexus between the objects sought and the place to be searched." *State v. Tidyman*, 54 Or App 640, 643-44, 635 P2d 1355 (1981), *rev den* 292 Or 722 (1982). In many cases, the proximity of a building or vehicle to the home of one suspected of possession of controlled substances suffices to establish the required nexus. *See, e.g., State v. Beagles*, 143 Or App 129, 136, 923 P2d 1244, *rev den* 324 Or 487 (1996) (officer's training and experience should be accorded weight, but there must be other facts supporting probable cause); *State v. Showalter*, 134 Or 34, 37, 894 P2d 504 (1995) ("a search of a particular residence may include the curtilage"). When, however, the building or vehicle is owned or occupied by persons other than those suspected of criminal activity, more is required than proximity.

*State v. Gloster*, 145 Or App 555, 932 P2d 68 (1997), serves to illustrate. In that case, the police obtained a warrant to search a residence and its curtilage, including outbuildings, for evidence of methamphetamine. The warrant was supported by an affidavit of an officer who explained that persons who possess methamphetamine often possess additional controlled substances in their homes, outbuildings, and vehicles. When the police arrived at the residence they found a shed located in the back yard in which the defendant and his children were living. The police nevertheless searched the shed, found evidence of methamphetamine, and ultimately charged the defendant with possession of controlled substances. The trial court denied the defendant's motion to suppress, and we reversed, explaining that the fact that the warrant permitted the police to search outbuildings near the residence was not enough to authorize the search:

> "That methamphetamine users often may store drugs in *their* sheds * * * does not provide any basis for predicting what evidence may be found in sheds that they have rented out for the exclusive use of *others*."

*Id.* at 559 (emphasis in original). We noted that nothing in the affidavit suggested that the owners of the residence had the right to use the shed for their own purposes and that there was no evidence that the occupants of the shed were involved in any criminal activity. *Id.*

*Gloster* is materially indistinguishable from this case. The warrant may well have authorized the search of "vehicles," and defendant's trailer may well have been a "vehicle." That, in and of itself, is not enough. There must be some nexus between *defendant's* vehicle and the objects sought. The affidavit provides none. It mentions that users of controlled substances may store evidence of their crime in their own outbuildings and vehicles, as did the affidavit in *Gloster*. But that provides an insufficient basis for concluding that defendant's vehicle would contain any evidence of a crime. As in *Gloster*, we note in this case that the affidavit does not suggest that either Duncan or Lill had the right to use defendant's trailer. Nor does it offer any basis for concluding that defendant had committed any crime.

We conclude that the trial court correctly granted defendant's motion to suppress.

Affirmed.